In the Matter of JOHN J. HOP-WAH, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.

Third Department, July 17, 1986

276

---

APPEARANCES OF COUNSEL

*John Joseph Hop-Wah,* petitioner *pro se.*

*Robert Abrams, Attorney-General (Peter G. Crary* of counsel), for respondents.

## OPINION OF THE COURT

MAHONEY, P. J.

Petitioner, an inmate at Elmira Correctional Facility, commenced this CPLR article 78 proceeding challenging a determination, made after a Superintendent's proceeding, finding that he violated certain disciplinary rules and imposing sanctions. Respondents served an answer which contained what were denominated as "affirmative defenses". Special Term ruled in respondents' favor on these affirmative defenses and then transferred the proceeding to this court for resolution of the substantial evidence issue raised in the petition.

Initially, we must deal with Special Term's resolution of the legal issues. We note in this regard that, pursuant to CPLR 7804 (g), these issues are properly before us regardless of whether Special Term should have ruled on them. If Special Term properly ruled on them, this court may conduct an appellate review of Special Term's holding; if not, this court may review the issues in the first instance.

There are no "affirmative defenses" in a CPLR article 78 proceeding. The respondent in such a proceeding may raise an "objection in point of law" in his answer or by a motion to dismiss the petition (CPLR 7804 [f]). The statute does not attempt to define "objection in point of law", nor does case

law provide much guidance. The meaning of the term takes on some significance where, as here, the petition contains a claim that the determination being challenged was made as a result of an adjudicatory hearing required by law and was not supported by substantial evidence (see, CPLR 7803 [4]). In such a case, the proceeding must be transferred to the Appellate Division, although Special Term may pass on objections in point of law (see, CPLR 7804 [g]). Thus, Special Term must determine what legal issues it may rule on before transferring the proceeding.

We hold that an objection in point of law is akin to an affirmative defense (see, CPLR 3018 [b]) which may be raised by a motion to dismiss (see, CPLR 3211 [a]). By this we mean "threshold objections of the kind listed in CPLR 3211 (a), which are capable of disposing of the case without reaching the merits" (i.e., without reaching the substantial evidence issue) (Siegel, NY Prac § 568, at 796-797; see, § 568, at 108 [1985 Pocket Part]). Where such an objection is raised in a proceeding which contains a substantial evidence issue, Special Term may choose to exercise its authority to rule on such objection before transferring the proceeding.

Turning to the instant case, the "affirmative defenses" raised by respondents in the answer are (1) that the Superintendent's proceeding was timely held, (2) that petitioner received effective employee assistance in preparing his case, and (3) that petitioner was provided with the required report for the interview of a witness out of his presence. It is clear that these are not threshold objections which are capable of disposing of the proceeding without reaching the merits. Rather, they are simply denials of legal arguments presented in the petition and are inextricably tied to the merits. Thus, they were not objections in point of law and were not properly ruled on by Special Term.

■ Turning to the merits of the proceeding, although petitioner raised numerous contentions in his petition, he presses only two before this court*: (1) that the hearing officer improperly denied his request to call certain witnesses, and (2) that certain witnesses were improperly questioned outside of his presence. Petitioner requested that 10 witnesses be called. The hearing officer called only five of them. Of the five who were

---

* Interestingly, petitioner has abandoned his claim that the determination was not supported by substantial evidence, the issue which called for the transfer of the proceeding to this court.

not called, the hearing officer failed to give a written explanation regarding two of them. While a written reason for refusing to call a witness requested by an inmate is not of constitutional dimension, it is required by regulation (7 NYCRR 254.5 [a]). Here, by failing to object or to request a written explanation at a time when the error could have been corrected, petitioner waived this issue *(see, Matter of Guzman v Coughlin,* 90 AD2d 666). Regarding the other three witnesses, petitioner sought to call them in support of his theory that the incidents at issue were the result of retaliation by correction officers for certain unspecified complaints petitioner had made. However, it is clear that these witnesses had not witnessed the incidents, nor could they offer testimony on any matters directly relating to the incidents. Therefore, they were properly not called as witnesses.

Next, an inmate is entitled to be present during the testimony of witnesses "unless the hearing officer determines that so doing would jeopardize institutional safety or correctional goals" (7 NYCRR 254.5 [b]). Here, the hearing officer interviewed the witnesses out of petitioner's presence because they were the individuals he was accused of assaulting and threatening. Because of the potential for violent confrontation, the hearing officer's decision was not unreasonable.

KANE, CASEY, MIKOLL and LEVINE, JJ., concur.

Determination confirmed, and petition dismissed, without costs.