■ In the Matter of WILFREDO POLANCO, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of Correctional Services, et al., Respondents. [602 NYS2d 438] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

The misbehavior reports in this case, authored by a correction officer who had first-hand knowledge of the violations at issue, as well as the testimony of the correction officer, provide substantial evidence to support the charges against petitioner (see, Matter of Bernacet v Coughlin, 145 AD2d 802, lv denied 74 NY2d 603). Further, the Superintendent's hearing was not untimely. The regulation requiring that such a hearing be held within seven days of confinement is inapplicable where, as here, petitioner was being held in restrictive confinement as the result of a prior disciplinary proceeding (see, Matter of Young v Coughlin, 144 AD2d 753, lv dismissed 74 NY2d 625). Finally, given that petitioner is bilingual and was able to participate in the hearing in English, we find no error in the refusal of the Hearing Officer to appoint a Spanish-speaking interpreter or employee assistant for petitioner (see, Matter of Peart v Kelly, 134 AD2d 843, lv denied 71 NY2d 801).

Yesawich Jr., J. P., Mercure, Crew III, White and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.