■ In the Matter of BERNABE ENCARNACION, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services,

Respondent. [730 NYS2d 578] —Peters, J. Appeal from a judgment of the Supreme Court (Castellino, J.), entered December 23, 1998 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

In August 1996, while an inmate at Auburn Correctional Facility in Cayuga County, petitioner was involved in an incident which resulted in the stabbing death of another inmate. Petitioner was subsequently tried in County Court and convicted of the crimes of murder and promoting prison contraband. He then became the subject of an administrative determination finding him subject to disciplinary sanctions based upon his conviction of those Penal Law offenses (*see,* 7 NYCRR 270.2 [A]). Following a hearing, the Hearing Officer found petitioner guilty and imposed the sanction of 10 years' confinement in the facility's special housing unit with a concurrent loss of privileges and the loss of five years' good time. His subsequent petition for review under CPLR article 78 was dismissed by Supreme Court and this appeal ensued.

Petitioner asserts that he received ineffective assistance from his employee assistant based upon the latter's failure to procure certain documents that petitioner had planned to submit in evidence. The record discloses, however, that the documents in question concerned events leading up to petitioner's arrest and criminal conviction, evidence that was irrelevant to the sole issue to be resolved at the hearing, i.e., whether petitioner had been convicted of violations of the Penal Law. Petitioner was provided with all of the available and relevant documents to which he was entitled; hence, his employee assistant is deemed to have been adequate (*see, Matter of Kae v Selsky,* 279 AD2d 682; *Matter of Wood v Selsky,* 240 AD2d 876).

Petitioner also takes issue with the Hearing Officer's preclusion of certain witnesses who had been present at the fight that led to his criminal conviction. As these witnesses did not have firsthand information as to whether petitioner had actually been convicted of the criminal charges that arose out of this incident, their testimony was irrelevant and was properly excluded (*see, Matter of Madison v Goord,* 273 AD2d 557, 558; *Matter of Johnson v Coombe,* 228 AD2d 755).

Petitioner also contends that he should have been provided with the services of an interpreter at the hearing because of his limited capacity to understand and speak English. We find this contention lacking in merit as the record discloses that petitioner's proficiency in English had been evaluated at the

facility and he had been given an ESL (English as a second language) rating of 5, a proficiency level at which an interpreter is generally deemed unnecessary. Given his ability to speak and understand English, no interpreter was required (*see, Matter of Baez v Goord*, 261 AD2d 741, 742; *Matter of Polanco v Coughlin*, 196 AD2d 943). Nonetheless, the hearing transcript discloses that an interpreter was called to the hearing at petitioner's request and was present during a majority thereof where he actively translated the proceedings into Spanish for petitioner.

Petitioner's remaining assertions of error have been examined and found to be either without merit or unpreserved for our review.

Crew III, J. P., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.