■ In the Matter of JOSE RAMOS, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [781 NYS2d 814]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional

Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was confined to the special watch room after correction officers suspected that he was using drugs. His urine tested positive for the presence of opiates. He was taken to the facility hospital where he swallowed an unknown object during a pat frisk. In addition, the special watch room was searched and an empty balloon was discovered, as well as feces stains on the underside of the bed. As a result, petitioner was charged on April 27, 2003 in two misbehavior reports with numerous disciplinary rule violations. On April 29, 2003, he was charged in a third misbehavior report with using a controlled substance after his urine again tested positive for the presence of opiates. Following a tier III disciplinary hearing on the first two reports, the Hearing Officer found petitioner guilty of using drugs, possessing contraband, possessing drug paraphernalia, smuggling, committing an unhygienic act, refusing a direct order and failing to comply with search or frisk procedures. This determination was affirmed on administrative appeal. Petitioner was also found guilty of using drugs as charged in the third misbehavior report, but this determination was reversed on administrative appeal. This CPLR article 78 proceeding ensued.

In light of the disposition of the charge contained in the third misbehavior report, we limit our review to the charges contained in the first two misbehavior reports. Initially, we find no error in the Hearing Officer's denial of petitioner's request for a Spanish speaking interpreter. The record discloses that the Hearing Officer adjourned the hearing to investigate petitioner's request and concluded, based on a combination of factors, that petitioner was sufficiently proficient in English and did not require the services of an interpreter (*see Matter of Santiago v Goord*, 253 AD2d 970 [1998]; *Matter of Polanco v Coughlin*, 196 AD2d 943 [1993]). We also find that the misbehavior reports, the items confiscated from the watch room, the testimony at the hearing and the positive urinalysis test results and related documentation provide substantial evidence supporting the determination of guilt (*see Matter of Dalton v Selsky*, 6 AD3d 844 [2004]; *Matter of Toro v Goord*, 284 AD2d 764 [2001]). Petitioner's remaining claims have either not been preserved for our review or are lacking in merit.

Cardona, P.J., Spain, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.