■ In the Matter of BERNABE ENCARNACION, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [797 NYS2d 178]—

Appeal from a judgment of the Supreme Court (O'Brien, III, J.), entered August 12, 2004 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Superintendent of Southport Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with refusing a direct order, interference with an employee and failing to comply with search procedures after he refused multiple orders by a correction officer to leave his cell in order that it be searched. At the disciplinary hearing that ensued, petitioner refused to participate in English and was removed from the hearing due to his uncooperative nature and interruptions. The hearing was thereafter continued in petitioner's absence and, based on the information contained in the misbehavior report, petitioner was found guilty of all charges. Following an unsuccessful administrative review, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed that petition and also imposed monetary sanctions for petitioner's repeated challenge to not being provided with a Spanish interpreter during disciplinary proceedings despite clear judicial resolution of the issue. This appeal ensued.

We are unpersuaded by petitioner's contention that he required the assistance of a Spanish interpreter during the disciplinary proceeding. As this Court has previously held with respect to this petitioner, there was no error in the Hearing Of-

ficer's conclusion that based on past experience with petitioner—including prior disciplinary hearings—he is sufficiently proficient in speaking the English language to enable him to participate in the hearing without an interpreter (*see Matter of Encarnacion v Goord*, 17 AD3d 749 [2005]; *Matter of Encarnacion v Goord*, 286 AD2d 828 [2001], *appeal dismissed and lv denied* 97 NY2d 653 [2001], *lv denied* 97 NY2d 606 [2001]; *see also* 7 NYCRR 254.2). Furthermore, we find no error in the Hearing Officer removing petitioner from the hearing due to his uncooperative behavior in refusing to participate in the hearing in English (*see Matter of Encarnacion v Goord*, 17 AD3d 749 [2005], *supra*). Turning to the merits of petitioner's appeal, the detailed misbehavior report written by the correction officer involved in the incident provided substantial evidence, by itself, to support the determination of guilt (*see Matter of Dolan v Goord*, 11 AD3d 849 [2004]; *Matter of Bernier v Goord*, 3 AD3d 746, 747 [2004]). Petitioner's remaining contentions are either unpreserved for our review or have been determined to be without merit.

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.