■ In the Matter of PEDRO RODRIGUEZ, Petitioner, v ROBERT J. MURPHY, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [796 NYS2d 755]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding to challenge a determination finding him guilty of violating prison disciplinary rules prohibiting physical interference, the possession of unauthorized articles, smuggling, refusing to obey a direct order and violating the facility's visiting room procedures. Initially, we reject petitioner's contention that he should have been provided with the assistance of a Spanish interpreter. An interpreter is required only when an inmate cannot understand English (see 7 NYCRR 253.2, 254.2; Matter of Wan Zhang v Murphy, 1 AD3d 784, 785 [2003]). Here, the record reveals that petitioner "was sufficiently fluent in English to understand and knowledgeably participate in the disciplinary hearing" (Matter of Santiago v Goord, 253 AD2d 970, 970 [1998]; see Matter of Martinez v Goord, 17 AD3d 804, 805 [2005]; Matter of Encarnacion v Goord, 17 AD3d 749, 749-750 [2005]). Moreover, petitioner's correction counselor testified that she communicated with petitioner in English only and that his records indicated that he was bilingual. Thus, inasmuch as the misbehavior report and the testimony of the correction officer who prepared it provide substantial evidence of petitioner's guilt (see Matter of Branch v Goord, 4 AD3d 699, 700 [2004]; Matter of Gonzalez v Goord, 2 AD3d 1173, 1173 [2003]), the determination will not be disturbed.

Cardona, P.J., Spain, Mugglin, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.