In the Matter of BERNABE ENCARNACION, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [798 NYS2d 588]—

Appeal from a judgment of the Supreme Court (O'Brien, III, J.), entered August 5, 2004 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Superintendent of Southport Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with refusing a direct order after he would not come out of his cell to attend a

medical appointment. At the ensuing tier II disciplinary hearing, the Hearing Officer refused his request for a Spanish-speaking interpreter. When petitioner became uncooperative and refused to speak in English, he was removed from the hearing. The Hearing Officer proceeded with the hearing in petitioner's absence and ultimately found him guilty of the charge. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition, resulting in this appeal.

Inasmuch as petitioner's fluency in English has already been established in connection with prior prison disciplinary matters (*see Matter of Encarnacion v Goord*, 17 AD3d 749, 749 [2005], *lv denied* 5 NY3d 705 [2005]; *Matter of Encarnacion v Goord*, 286 AD2d 828, 829 [2001], *appeal dismissed and lv denied* 97 NY2d 653 [2001], *lv denied* 97 NY2d 606 [2001]), the Hearing Officer did not err in denying his request for a Spanish-speaking interpreter. Petitioner's persistence in conversing in Spanish despite the Hearing Officer's warning and the resulting disruption of the hearing provided a legitimate basis for his removal (*see Matter of Encarnacion v Goord, supra* at 750; *Matter of Polanco v Bennett*, 6 AD3d 846, 846 [2004]). Petitioner's remaining arguments are either not properly before us or meritless.

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.