■ In the Matter of DWYANE PULLIAM, Petitioner, v CAPTAIN WHITMORE, Respondent. [804 NYS2d 696]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Superintendent of Elmira Correctional Facility which found petitioner guilty of violating a prison disciplinary rule.

A correction officer observed petitioner, without headphones, playing the television in his cell in a loud manner and charged him in a misbehavior report with creating a disturbance. He was found guilty of this charge following a tier II disciplinary hearing and the determination was affirmed on administrative appeal. He then commenced this CPLR article 78 proceeding challenging it.

We confirm. The misbehavior report, together with the testimony of its author, provide substantial evidence supporting the determination of guilt (*see Matter of Carrington v Goord,* 20 AD3d 835, 835 [2005]; *Matter of Wigfall v Goord,* 16 AD3d 791, 791 [2005]). Petitioner's claim that the misbehavior report was issued in retaliation for a grievance he filed and the testimony of his inmate witnesses that they did not hear him playing his television loudly presented questions of credibility for the Hearing Officer to resolve (*see Matter of Branch v Goord,* 4 AD3d 699, 700 [2004]; *Matter of Vasquez v Goord,* 301 AD2d 986 [2003]). Petitioner's remaining contentions, including his claims that certain directives were violated and that personal property was not returned to him in time for him to prepare a defense, have been considered and found to be without merit.

Cardona, P.J., Peters, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.