In the Matter of BERNABE ENCARNACION, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [811 NYS2d 809]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

After receiving medication, petitioner failed to comply with the nurse's direct order to lift his tongue as part of an oral mouth check to confirm that the medication was swallowed. As a result, petitioner was charged in a misbehavior report with violating the prison disciplinary rule that prohibits disobeying a direct order. At the ensuing disciplinary hearing, petitioner refused to participate in the hearing in English, despite correction facility documentation that he was proficient in English. After being warned that he would be removed for his uncooperative nature, petitioner continued to speak in Spanish. Petitioner then was removed from the hearing and the hearing continued in his absence. Petitioner was found guilty of the charge and the determination was affirmed on administrative appeal. Thereafter, petitioner commenced this CPLR article 78 proceeding raising an issue of substantial evidence. After noting that the matter should be transferred to this Court, Supreme Court imposed monetary sanctions for petitioner's repeated challenge to not being provided with a Spanish interpreter.

The records maintained by the Department of Correctional Services establish petitioner's proficiency in the English language and, indeed, petitioner's proficiency in this regard has been established in connection with prior disciplinary proceedings (*see Matter of Encarnacion v Goord*, 20 AD3d 787 [2005]; *Matter of Encarnacion v Goord*, 19 AD3d 906 [2005]; *Matter of Encarnacion v Goord*, 17 AD3d 749 [2005], *lv denied* 5 NY3d

705 [2005]; *Matter of Encarnacion v Goord*, 286 AD2d 828 [2001], *appeal dismissed and lv denied* 97 NY2d 653 [2001], *lv denied* 97 NY2d 606 [2001]). Accordingly, we find no error in not providing petitioner with an interpreter or in removing petitioner from the hearing due to his uncooperative behavior. Although petitioner claims that the information pertaining to his English proficiency contained in his prison record is incorrect, any dispute regrading the accuracy and reliability of such information is not properly challenged upon a review of a disciplinary matter but, rather, pursuant to the procedures set forth in 7 NYCRR part 5.

Turning to the merits, we find that the misbehavior report written by the correction facility nurse involved in the incident was sufficient, by itself, to provide substantial evidence to support the determination of guilt (*see Matter of Dolan v Goord*, 11 AD3d 849 [2004]). Petitioner's remaining contentions challenging the hearing procedures have not been preserved for our review (*see Matter of Caroselli v Duncan*, 290 AD2d 908, 909 [2002], *lv denied* 98 NY2d 604 [2002]).

Finally, to the extent that petitioner challenges the imposition of sanctions by Supreme Court pursuant to 22 NYCRR 130-1.3, once the court determined that there was an issue of substantial evidence and that there were "no other issues which would dispose of the matter," the entire matter, including whether there were any frivolous issues, was transferred to this Court (*see* CPLR 7804 [g]; *see also Matter of Wayering v County of St. Lawrence*, 140 AD2d 838, 839 n [1988]; *Matter of Hop-Wah v Coughlin*, 118 AD2d 275, 276-277 [1986], *revd on other grounds* 69 NY2d 791 [1987]). Accordingly, having transferred the matter, the court was without jurisdiction to impose sanctions and that part of the order of transfer must be reversed.

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed. Ordered that the order of transfer is modified, on the law, without costs, by reversing so much thereof as imposed sanctions, and, as so modified, affirmed.