■ In the Matter of BERNABE ENCARNACION, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [824 NYS2d 492]—

Appeal from a judgment of the Supreme Court (O'Brien, III, J.), entered December 29, 2005 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Following a verbal exchange with a correction officer, petitioner was charged in a misbehavior report with harassment, interfering with an employee and making threats. Later that same day, he was charged in a second misbehavior report with possessing an altered item as well as unauthorized quantities of medication after a plastic glove finger containing prescription drugs was found in his pillowcase. Petitioner was removed from the ensuing tier III disciplinary hearing because he persisted in requesting a Spanish-speaking interpreter when, in fact, he was proficient in English. At the conclusion of the hearing, he was found guilty of all of the charges and the determination was affirmed on administrative appeal with a modified penalty. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. In the order to show cause signed by Supreme Court, the court dismissed petitioner's claim that he was improperly denied a Spanish-speaking interpreter and imposed sanctions of $250 pursuant to 22 NYCRR 130-1.1 (c) (1). The court ultimately dismissed the petition, finding no merit to petitioner's claim of retaliation. Petitioner appeals.

We affirm. Preliminarily, we note that petitioner's claim that he was improperly denied a Spanish-speaking interpreter has repeatedly been rejected by this Court in a number of other appeals and he has been found to be proficient in English (*see Matter of Encarnacion v Goord*, 28 AD3d 848 [2006], *lv denied* 6 NY3d 712 [2006]; *Matter of Encarnacion v Goord*, 20 AD3d 787 [2005]; *Matter of Encarnacion v Goord*, 19 AD3d 906, 907 [2005]; *Matter of Encarnacion v Goord*, 17 AD3d 749 [2005], *lv denied* 5 NY3d 705 [2005]). Accordingly, Supreme Court properly concluded that this claim was wholly frivolous and it was justified in imposing sanctions (*see* 22 NYCRR 130-1.1 [c] [1]). The misbehavior reports, together with the testimony of the correction officer who prepared them, provide substantial evidence supporting the determination of guilt (*see Matter of Carrington v Goord*, 20 AD3d 835, 835 [2005]). There is nothing in the record to substantiate petitioner's claim of retaliation which, in any event, presented a credibility issue for the Hearing Officer to resolve (*see Matter of Pulliam v Whitmore*, 24 AD3d 921, 922 [2005]). Petitioner's remaining contentions are either unpreserved for our review or are lacking in merit.

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.