■ In the Matter of Terrence Jones, Petitioner, v Glenn Goord, as Commissioner of Correctional Services, Respondent.
[832 NYS2d 308]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner was found guilty of possession of a controlled substance, smuggling and refusing a direct order. As set forth in the misbehavior report, petitioner, during a strip search, removed an object from his underwear and, when a correction officer ordered him to drop it, he attempted to place the object in his mouth. The object, a balloon, was filled with a substance that, upon testing, was determined to be heroin.

At the disciplinary hearing, the misbehavior report, which was authored by the correction officer who confiscated the balloon, was read into the record. Additionally, testimony was given by the officer who conducted the NIK testing on the substance

that established that it was heroin. Upon an administrative appeal following the determination of guilt, the determination was modified only to the extent of reducing the penalty imposed, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. The misbehavior report, along with the testimony of the officer who conducted the NIK tests of the substance and obtained the positive results of such tests, provide substantial evidence supporting the determination of guilt (*see Matter of Excell v Goord*, 35 AD3d 946 [2006]; *Matter of Johnson v Goord*, 4 AD3d 582, 584 [2004], *lv denied* 2 NY3d 708 [2004]). While petitioner attacks the fact that one particular NIK test was not performed on the substance in the balloon prior to the three other NIK tests which established it was heroin, the reason therefor was adequately explained by the correction officer who performed such tests. We also find lacking in merit petitioner's argument that the misbehavior report was defective because it was authored by the correction officer who confiscated the balloon rather than by the officer who tested its contents. The officer who tested the contents and determined that the substance was heroin did, in fact, testify at his hearing.

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.