■ In the Matter of LAMONT ADAMS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [844 NYS2d 500]—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review two determinations which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination finding him guilty of harassment and a tier II disciplinary determination finding him guilty of refusing a direct order and violating movement regulations.

With respect to the tier III determination, the Attorney General has advised this Court that the determination has been administratively reversed and all references thereto have been expunged from petitioner's institutional record. Given that petitioner has been afforded all the relief to which he is entitled and is no longer aggrieved, the petition, insofar as it challenges the tier III determination, is dismissed as moot (*see Matter of Britt v Goord*, 42 AD3d 775, 776 [2007]).

Turning to the tier II determination, the misbehavior report

authored by the correction officer involved in the incident is sufficient, by itself, to constitute substantial evidence in support of the determination of guilt (*see Matter of Encarnacion v Goord*, 28 AD3d 848, 849 [2006], *lv denied* 6 NY3d 712 [2006]). To the extent preserved, petitioner's remaining contentions, including his claims that he was improperly denied employee assistance and the right to call a witness, have been examined and found to be without merit.

Crew III, J.P., Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Adjudged that the petition, to the extent that it challenges the tier III determination, is dismissed, as moot, without costs. Adjudged that the tier II determination is confirmed, without costs, and petition, to the extent that it challenges that determination, dismissed.