■ In the Matter of JOSE HERNANDEZ, Petitioner, v JOSEPH T. SMITH, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [862 NYS2d 613]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review three determinations which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding challenging two tier II disciplinary determinations and one tier III disciplinary determination. The first tier II determination, based upon a May 25, 2006 misbehavior report, found him guilty of refusing a direct order and the second tier II determination, based upon a May 26, 2006 misbehavior report, found him guilty of refusing a direct order and making threats. The tier III determination, based upon a June 4, 2006 misbehavior report, found him guilty of refusing a direct order, interfering with an employee and harassment.

Initially, regarding the first tier II determination and the tier III determination, the Attorney General has advised this Court that these determinations have been administratively reversed and all references thereto have been expunged from petitioner's institutional record. Accordingly, inasmuch as petitioner has been afforded all of the relief to which he is entitled, the petition, to the extent that it challenges those determinations, is dismissed as moot (*see Matter of Darvie v Goord*, 37 AD3d 927, 928 [2007], *lv denied* 8 NY3d 814 [2007]).

Turning to the second tier II determination, the Attorney General concedes, and upon review of the record we concur, that the charge of refusing a direct order is not supported by substantial evidence. Consequently, the determination must be annulled to that extent and all references thereto expunged from petitioner's institutional record (*see Matter of Williams v Goord*, 28 AD3d 897, 898 [2006]). As for the remaining charge of making threats, the May 26, 2006 misbehavior report, authored by the correction officer involved in the incident, is sufficient, by itself, to provide substantial evidence to support that portion of the determination of guilt (*see Matter of Adams v Goord*, 45 AD3d 940, 940-941 [2007]). However, because petitioner has not yet served the penalty imposed, we will remit the matter to respondent Superintendent of Shawangunk Correctional Facility for reconsideration of the penalty.

Petitioner's remaining contentions have been considered and found to be unavailing.

Peters, J.P., Rose, Kane, Malone Jr. and Stein, JJ., concur. Adjudged that those portions of the petition challenging the tier II determination finding petitioner guilty of refusing a direct order as charged in the May 25, 2006 misbehavior report and the tier III determination finding petitioner guilty of refusing a direct order, interfering with an employee and harassment as charged in the June 4, 2006 misbehavior report are dismissed, as moot, without costs. Adjudged that the tier II determination finding petitioner guilty of refusing a direct order and making threats as charged in the May 26, 2006 misbehavior report is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order and imposed a penalty; petition granted to that extent, the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent Superintendent of Shawangunk Correctional Facility for a redetermination of the penalty imposed on the remaining violation; and, as so modified, confirmed.