Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.
Petitioner, a prison inmate, reported to the facility’s medical records door to pick up copies of medical and dental records that he had previously requested. He was asked by the medical clerk to go to the waiting room until she was ready for him, at which time she would call him. Petitioner ultimately returned to his housing location without permission. As a result, petitioner was found guilty at the conclusion of a tier II disciplinary hearing of disobeying a direct order. That determination was affirmed upon administrative appeal and this CPLR article 78 proceeding seeking annulment ensued.
We confirm. The misbehavior report, authored by the medical clerk involved in the incident, is sufficient, by itself, to provide substantial evidence to support the determination of guilt (see Matter of Adams v Goord, 45 AD3d 940, 940-941 [2007]). Although it is true that the report recites that the medical clerk “asked” petitioner to return to the waiting room until she was ready for him, it is clear that, when the report is considered in its entirety, it demonstrates that the clerk gave petitioner a directive that he did not have the option of refusing. To the extent that petitioner offered exculpatory statements during the *919 hearing, credibility issues were created for resolution by the Hearing Officer (see Matter of Gawlik v Fischer, 50 AD3d 1282, 1283 [2008]).
Petitioner’s remaining contentions have been examined and found to be unavailing.
Cardona, EJ., Mercure, Carpinello, Rose and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.