■ In the Matter of DIOMEDEZ MADRIGAL, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [969 NYS2d 247]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged with violating prison rules prohibiting possession of marihuana, smuggling, disobeying a direct order and refusing to comply with urinalysis testing procedures. After petitioner's request for an English/Spanish interpreter was denied, he continued to attempt to speak in Spanish during the tier III disciplinary hearing and was ultimately removed from the hearing due to his refusal to cooperate. The hearing was conducted in petitioner's absence and he was found guilty of all four charges. Upon administrative review, respondent affirmed the determination and this CPLR article 78 proceeding ensued.

The facility's Spanish-speaking counselor testified that petitioner's records indicated that he was bilingual, that he had no issue when he met with a facility counselor who only speaks English, that he participated in facility programs that are conducted in English and that, as his employee assistant in this matter, she and petitioner communicated in English. Accordingly, we find no error in not providing petitioner with an interpreter (*see Matter of Encarnacion v Goord*, 28 AD3d 848, 848-849 [2006], *lv denied* 6 NY3d 712 [2006]; *Matter of Rodriguez v Murphy*, 19 AD3d 913, 913 [2005]). Moreover, inasmuch as it was established that petitioner is able to speak English, his

refusal to do so and his repeated statements that he "den[ied] the complete hearing" constituted uncooperative behavior for which the Hearing Officer was authorized to remove him from the hearing (*see Matter of Encarnacion v Goord*, 28 AD3d at 849). Finally, to the extent that petitioner challenges the sufficiency of the evidence, the misbehavior reports, supporting documentation and hearing testimony provide substantial evidence of his guilt (*see Matter of Wigfall v Department of Corr. Servs.*, 100 AD3d 1211, 1212 [2012]; *Matter of Jones v Goord*, 38 AD3d 1024, 1025 [2007]; *Matter of Rodriguez v Murphy*, 19 AD3d at 913).

Rose, J.P., Lahtinen, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.