Matter of Bell v Keyser (2021 NY Slip Op 07050)





Matter of Bell v Keyser


2021 NY Slip Op 07050


Decided on December 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 16, 2021

533224
[*1]In the Matter of Elijah Bell, Petitioner,
v
William F. Keyser, as Superintendent of Sullivan Correctional Facility, et al., Respondents.

Calendar Date:November 12, 2021

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Elijah Bell, Romulus, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Sullivan Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with making threats and harassing an employee. According to the report, when petitioner was greeted by a facility nurse upon arriving at the facility's mental health unit for an injection of medication, he became agitated and hostile. Petitioner then dismissed the nurse by waving his hands at him, exclaiming, "Go away. I don't want nothing to do with you." The nurse stepped away from petitioner, at which time petitioner stated, "I'll see you on the outside, acting all cool [and] shit . . . you wait [and] see . . . I'll catch you on the outside." Following a tier II disciplinary hearing, he was found guilty of both charges. That determination was affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.
We confirm. The misbehavior report and testimony at the hearing, including the testimony from the nurse who authored the misbehavior report, provide substantial evidence to support the determination of guilt (see Matter of Woodward v Annucci, 175 AD3d 785, 785-786 [2019]; Matter of Coffey v Collado, 170 AD3d 1319, 1320 [2019]; Matter of Barnes v Prack, 92 AD3d 990, 991 [2012]). Petitioner's denial of the charged conduct presented credibility issues for the Hearing Officer to resolve (see Matter of Woodward v Annucci, 175 AD3d at 786; Matter of Allah v Venettozzi, 173 AD3d 1591, 1592 [2019]). Contrary to his contention, the record reflects that petitioner was afforded an ample opportunity to present his defense. Petitioner declined to call any witnesses or present any relevant and available documentary evidence, and the fact that the Hearing Officer rejected petitioner's exculpatory testimony "is not indicative of bias, nor is there anything in the record supporting petitioner's claim that the determination flowed from any alleged bias" (Matter of Barnes v Annucci, 140 AD3d 1779, 1779 [2016] [internal quotation marks and citations omitted]). Petitioner's remaining contentions, to the extent they are properly before us, have been examined and found to be lacking in merit.
Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.