Matter of Smith v Annucci (2022 NY Slip Op 04686)

Matter of Smith v Annucci

2022 NY Slip Op 04686

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

534515
[*1]In the Matter of Sincere Smith, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:June 17, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Fisher, JJ.

Sincere Smith, Marcy, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in two misbehavior reports with violating various prison disciplinary rules. According to the first report, petitioner was observed fighting with another incarcerated individual in the recreation yard. As a result, petitioner was charged with violent conduct, fighting and creating a disturbance. According to the second misbehavior report, petitioner was taken to the facility hospital clinic following the altercation in the recreation yard and a strip frisk was performed. During the frisk, an object identified as a razor blade with a plastic handle was observed falling out of the waistband of petitioner's pants. As a result, petitioner was charged with possessing a weapon, possessing contraband and smuggling. Following a combined tier III disciplinary hearing, petitioner was found guilty of all charges. Upon administrative appeal, the determination of guilt was upheld as to all charges except the charge of creating a disturbance, which was reversed without any modification to the penalty imposed. This CPLR article 78 proceeding ensued.
Initially, we note that, following the commencement of this proceeding, respondent further modified the determination by dismissing the remaining two charges in the first misbehavior report and expunging all references thereto from petitioner's institutional record. Accordingly, inasmuch as petitioner has been afforded all the relief to which he is entitled as to the determinations on the charges in the first misbehavior report, the petition, to the extent it challenges those determinations, is dismissed as moot (see Matter of Hernandez v Smith, 52 AD3d 1134, 1134 [2008]).
As to the second misbehavior report, the misbehavior report and related documentation, as well as the hearing testimony of the officer who conducted the frisk and secured the weapon, provide substantial evidence supporting the determination of guilt (see Matter of Matthews v Annucci, 175 AD3d 1713, 1713 [2019]; Matter of Alache v Fischer, 91 AD3d 1240, 1241 [2012]). We reject petitioner's contention that he was improperly denied the testimony of certain correction officers. During the hearing, petitioner requested the testimony of "all the officers" involved in the various charges, including "whoever s[aw him] with the weapon." Petitioner's argument as to the charges in the first misbehavior report is moot. Regarding the frisk yielding the recovery of the razor blade, we note that the officer who actually performed the frisk did in fact testify at the hearing. To the extent that petitioner also sought testimony from a sergeant and another correction officer listed on the strip search report, he failed to demonstrate how these witnesses would have provided relevant or nonredundant [*2]testimony regarding the determination of guilt (see Matter of Spencer v Annucci, 179 AD3d 1372, 1373 [2020]; Matter of Zielinski v Venettozzi, 177 AD3d 1047, 1048 [2019], affd 35 NY3d 1082 [2020]). Finally, contrary to petitioner's contention, the chain of custody of the weapon was adequately established by the hearing testimony, misbehavior report and related documentation (see Matter of Joseph v Polizzi, 167 AD3d 1207, 1207 [2018], lv denied 33 NY3d 903 [2019]; Matter of Perez v Polizzi, 160 AD3d 1319, 1319-1320 [2018]). Petitioner's remaining contentions, to the extent preserved for our review, also lack merit.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Fisher, JJ., concur.
ADJUDGED that the portion of the petition challenging the determination finding petitioner guilty of violent conduct and fighting is dismissed, as moot, without costs.
ADJUDGED that the determination finding petitioner guilty of possessing a weapon, possessing contraband and smuggling is confirmed, without costs, and petition dismissed to that extent.