Matter of Baxter v Annucci (2022 NY Slip Op 04773)

Matter of Baxter v Annucci

2022 NY Slip Op 04773

Decided on July 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 28, 2022

533956
[*1]In the Matter of Jason Baxter, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:June 17, 2022

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Jason Baxter, Romulus, petitioner pro se.
Letitia James, Attorney General, Albany (Frank A. Brady of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with refusing a direct order, interfering with an employee, violating frisk procedures and damaging state property. According to the misbehavior report, petitioner initially refused numerous direct orders to come out of his cell in order for a routine cell frisk to be performed. After petitioner complied, the frisk of his cell revealed destroyed state sheets and a damaged mattress — which items were photographed. At the ensuing tier III disciplinary hearing, the Hearing Officer found petitioner to be uncooperative and nonresponsive to his questions and, therefore, removed petitioner from the hearing. The hearing continued in petitioner's absence and the Hearing Officer ultimately found petitioner guilty of all charges. That determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
Contrary to petitioner's contention, substantial evidence in the form of the detailed misbehavior report and supporting documentary evidence support the determination of guilt (see Matter of Green v Kirkpatrick, 167 AD3d 1138, 1139 [2018], lv denied 32 NY3d 919 [2019]; Matter of Thompson v Kirkpatrick, 160 AD3d 1234, 1235 [2018]; Matter of Cruz v Annucci, 149 AD3d 1446, 1447 [2017]). Petitioner's denial of the charges and assertion that the misbehavior report was fabricated presented credibility issues for the Hearing Officer to resolve (see Matter of Kennedy v Annucci, 185 AD3d 1371, 1371-1372 [2020]).
Turning to petitioner's procedural contentions, we are unpersuaded that petitioner was denied employee assistance as the record reflects that petitioner refused, both before and at the commencement of the hearing, to choose from any of the available employee assistants (see Matter of Swinton v Venettozzi, 164 AD3d 1584, 1585 [2018]; Matter of Lashway v Fischer, 110 AD3d 1420, 1420-1421 [2013]). We further reject petitioner's contention that he was improperly removed from the disciplinary hearing. Petitioner, despite prior warnings, continued to be uncooperative and unresponsive to the Hearing Officer's questions, which interfered with the hearing process (see Matter of Alsaifullah v Fischer, 118 AD3d 1239, 1240 [2014], lv denied 24 NY3d 906 [2014]; Matter of Madrigal v Fischer, 108 AD3d 991, 991-992 [2013]; Matter of Blocker v Fischer, 107 AD3d 1285, 1286 [2013]). Petitioner's remaining contentions, to the extent that they are properly before this Court, have been reviewed and found to be without merit.
Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.