Matter of Chan v Annucci (2023 NY Slip Op 04697)

Matter of Chan v Annucci

2023 NY Slip Op 04697

Decided on September 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 21, 2023

CV-22-2200
[*1]In the Matter of Devon Chan, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:September 1, 2023

Before:Egan Jr., J.P., Clark, Ceresia, McShan and Mackey, JJ.

Danielle Neroni Reilly, Albany, for petitioner.
Letitia James, Attorney General, Albany (Alexandria Twinem of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with fighting, creating a disturbance, refusing a direct order, engaging in violent conduct, possessing a weapon and causing property damage or loss. According to the misbehavior report, petitioner was observed being struck by a broomstick, which broke during the altercation, prompting petitioner to use the broken pieces of the broomstick to strike another incarcerated individual's head and upper body. Petitioner ignored several direct orders to stop his conduct. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. Upon administrative appeal, the determination was modified to dismiss the charge of creating a disturbance with no change to the penalty imposed. This CPLR article 78 proceeding ensued.
Initially, we note that, following the commencement of this proceeding, respondent further modified the determination of guilt by dismissing the charge of causing property damage or loss and expunging all references thereto from petitioner's institutional record. Accordingly, inasmuch as petitioner has been afforded all the relief to which he is entitled as to the determination finding him guilty of causing property damage or loss, the petition, insofar as it challenges this portion of the determination, is dismissed as moot (see Matter of Smith v Annucci, 207 AD3d 979, 979-980 [3d Dept 2022]; Matter of Hernandez v Smith, 52 AD3d 1134, 1134 [3d Dept 2008]).
Contrary to petitioner's contention, the misbehavior report and hearing testimony, as well as the related documentation submitted for in camera review, provide substantial evidence to support the determination of guilt as to the charges of fighting, refusing a direct order, engaging in violent conduct and possessing a weapon (see Matter of Jackson v Annucci, 173 AD3d 1581, 1582 [3d Dept 2019]; Matter of Jones v Annucci, 166 AD3d 1174, 1175 [3d Dept 2018]; Matter of Gallo v Annucci, 164 AD3d 1560, 1560-1561 [3d Dept 2018]). Petitioner's exculpatory statements and denial of his involvement in the incident presented credibility issues for the Hearing Officer to resolve (see Matter of Spencer v Annucci, 179 AD3d 1372, 1373 [3d Dept 2020]; Matter of Jackson v Annucci, 173 AD3d at 1582).
Further, petitioner was not denied any requested witnesses. The record reflects that the two incarcerated individuals who petitioner sought as witnesses, who had not previously agreed to testify, executed witness refusal forms that supplied sufficient reasons why they did not wish to testify (see Matter of Cortorreal v Annucci, 28 NY3d 54, 59-60 [2016]; Matter of Santos v Annucci, 209 AD3d 1084, 1085 [3d Dept 2022]). Petitioner's remaining contentions, to the extent preserved for our review, also lack merit[*2].
Egan Jr., J.P., Clark, Ceresia, McShan and Mackey, JJ., concur.
ADJUDGED that the portion of the petition challenging the determination finding petitioner guilty of causing property damage or loss is dismissed, as moot, without costs.
ADJUDGED that the determination finding petitioner guilty of fighting, refusing a direct order, engaging in violent conduct and possessing a weapon is confirmed, without costs, and petition dismissed to that extent.