Matter of Farley v Annucci (2024 NY Slip Op 00480)

Matter of Farley v Annucci

2024 NY Slip Op 00480

Decided on February 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 1, 2024

CV-23-0548
[*1]In the Matter of Andrew Farley, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:January 5, 2024

Before:Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and McShan, JJ.

Andrew Farley, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report (hereinafter the first misbehavior report) with refusing a direct order, damaging state property, possessing an altered item, interference with an employee and tampering with an electrical device. According to the first misbehavior report, petitioner was in his cell and refused to turn over a computer tablet to a correction officer who was collecting them and, as a result, he was ordered out of his cell, an order with which he initially refused to comply. Petitioner was removed to a holding cell and, during a search of his cell, the correction officer found a damaged mattress, three destroyed state towels and two destroyed sheets, an altered pair of pants and an altered fan with exposed wiring. Petitioner was thereafter escorted by another correction officer back to his cell in mechanical hand restraints, a retention strap was placed on the restraints and he was placed in his cell and ordered to keep his hands through the open feed-up hatch so that the restraints could be removed; after petitioner's right hand restraint was removed, petitioner pulled his right hand back and into the cell and attempted to pull the mechanical restraints in as well. Correction officers used force to gain compliance. As a result, petitioner was charged in a second misbehavior report with refusing a direct order, interference with an employee and violent conduct. Following a combined tier III hearing at which petitioner pleaded guilty to refusing a direct order as charged in the first misbehavior report, petitioner was found guilty of the remaining charges. Upon administrative appeal, the determination was modified to dismiss the charges of interfering with an employee with no change to the penalty imposed. This CPLR article 78 proceeding ensued.
We confirm. Petitioner's guilty plea to refusing a direct order as charged in the first misbehavior report precludes any challenge to the sufficiency of the evidence supporting that determination of guilt (see Matter of Gonzalez v Annucci, 199 AD3d 1146, 1147 [3d Dept 2021]). As to the remaining charges, the misbehavior reports, hearing testimony, related documentary evidence and photographs in addition to petitioner's guilty plea provide substantial evidence to support the determination (see Matter of Chan v Annucci, 219 AD3d 1624, 1625 [3d Dept 2023]; Matter of Baxter v Annucci, 207 AD3d 1015, 1016 [3d Dept 2022], lv denied 39 NY3d 905 [2022]). Petitioner's contentions regarding the first misbehavior report, that he did not alter, damage or tamper with any of the property and that the items were in that condition when he received them or were the property of his former cellmate or the prior cell occupant, presented [*2]credibility issues for the Hearing Officer to resolve (see Matter of Chan v Annucci, 219 AD3d at 1625; Matter of Alsina v Venettozzi, 217 AD3d 1303, 1304 [3d Dept 2023]). These claims were belied by the cell inspection sheet prepared weeks earlier, which documented that the cell had been inspected and the property was undamaged and in working order. Contrary to petitioner's claim, the cell search was authorized by the area supervisor, permitting officers to retrieve the tablet after petitioner refused to turn it over, given that he was no longer authorized to possess it in his cell (see Dept of Corr & Community Supervision Directive No. 4910 [VI] [C] [4]; 7 NYCRR 270.2 [B] [14] [xiii]). Finally, petitioner was not entitled to disregard a direct order based upon his belief that he was entitled to additional time with the tablet or that the use of a retention strap as directed by the area supervisor was not authorized but, rather, he was "required to obey the direct orders given by the correction officer[ ], even if he disagreed with the orders or believed them to be unauthorized" (Matter of Wilson v Annucci, 205 AD3d 1163, 1165 [3d Dept 2022] [internal quotation marks, brackets and citation omitted]).
Petitioner's procedural contentions, to the extent that they are preserved, have been examined and found to be without merit. As the Hearing Officer explained, petitioner did not request disclosure of an unusual incident report or other documents prior to the hearing, and the record reflects no such report was created and petitioner did not demonstrate that one was required (see Matter of Williams v Venettozzi, 189 AD3d 1877, 1879 [3d Dept 2020], lv denied 37 NY3d 902 [2021]). The fact that the Hearing Officer credited the testimony of the correction officers over petitioner's exculpatory explanations and denials "is not indicative of bias, nor is there anything in the record supporting petitioner's claim that the determination flowed from any alleged bias" (Matter of Bell v Keyser, 200 AD3d 1384, 1385 [3d Dept 2021] [internal quotation marks and citation omitted]). Finally, petitioner's constitutional claims are unpreserved for our review (see Matter of Tolliver v Commissioner of Dept. of Corr. Servs., 98 AD3d 1151, 1151-1152 [3d Dept 2012]).
Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.