Matter of Alsima v Bondarenka (2025 NY Slip Op 03118)

Matter of Alsima v Bondarenka

2025 NY Slip Op 03118

Decided on May 22, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 22, 2025

CV-24-1425
[*1]In the Matter of Francisco Alsima, Petitioner,
v
Lisa M. Bondarenka, as Hearing Officer at Sullivan Correctional Facility, et al., Respondents.

Calendar Date:April 18, 2025

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ.

Francisco Alsima, Ossining, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
As a result of observations made during a facility visit, petitioner was charged in a misbehavior report with engaging in a sexual offense and lewd conduct. At the conclusion of the tier III disciplinary hearing that followed, petitioner was found guilty of both violations and a penalty — consisting of a 75-day loss of privileges — was imposed. Upon petitioner's administrative appeal, the Hearing Officer's decision was affirmed, prompting petitioner to commence this CPLR article 78 proceeding to challenge the underlying determination.
We confirm. To the extent that the petition raises an issue of substantial evidence, the detailed misbehavior report and the testimony of its author, together with the supporting documentary evidence, provide substantial evidence to support the finding of guilt (see Matter of Weston v Loughren, 217 AD3d 1177, 1178 [3d Dept 2023], lv denied 40 NY3d 908 [2023]; Matter of Stewart v Collado, 214 AD3d 1229, 1230 [3d Dept 2023]). Although petitioner and his visitor denied engaging in the offending conduct, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Stewart v Collado, 214 AD3d at 1230; Matter of Swinton v Venettozzi, 164 AD3d 1584, 1585 [3d Dept 2018]; Matter of Coleman v Fischer, 87 AD3d 778, 779 [3d Dept 2011]). Petitioner's claim that the Hearing Officer predetermined his guilt and was otherwise biased is not supported by the record; notably, "an adverse ruling or credibility determination is not indicative of bias nor is there any indication that the determination of guilt flowed from any alleged bias" (Matter of Pleasant v Shope, 233 AD3d 1156, 1158 [3d Dept 2024]; see Matter of Bell v Keyser, 200 AD3d 1384, 1385 [3d Dept 2021]).
Upon reviewing petitioner's procedural objections, we find them to be lacking in merit. Although petitioner indeed requested that any video from the visitation room and/or body camera footage be preserved, petitioner was advised at the hearing that no video recording of the underlying incident existed (see Matter of Ortiz v Annucci, 214 AD3d 1271, 1273 [3d Dept 2023]; Matter of Lashway v Keyser, 178 AD3d 1224, 1225 [3d Dept 2019]). "[B]ecause the requested video did not exist, the Hearing Officer did not improperly deny petitioner's request to call as a witness the . . . superintendent whose testimony regarding the requested video would have been irrelevant or redundant" (Matter of Verdi v Collado, 200 AD3d 1379, 1380 [3d Dept 2021]). With respect to the documentary evidence requested, the record reflects that the Hearing Officer read the preliminary unusual incident report into the record at the hearing (see Matter of Pitts v Jordan, 230 AD3d 1457, 1459 [3d Dept 2024]), [*2]that petitioner was afforded time to review the requested departmental directives and that he was provided with redacted portions of the requested log books. Petitioner's request for the disciplinary history of the correction officer who authored the misbehavior report was properly denied as irrelevant (see Matter of Reid v Venettozzi, 224 AD3d 1037, 1038 [3d Dept 2024]). Similarly, petitioner's request for a blueprint or schematic of the facility visitation room was properly denied based upon legitimate institutional goals and interests (compare Matter of Hillard v Coughlin, 187 AD2d 136, 139 [3d Dept 1993], lv denied 82 NY2d 651 [1993]) and, as the Hearing Officer noted, petitioner nonetheless was free to argue that the authoring correction officer could not have observed the offending conduct from his stated vantage point. Finally, as no loss of good time was imposed and the duration of petitioner's administrative penalty has expired, his challenge in this regard is moot (see e.g. Matter of Pleasant v Shope, 233 AD3d at 1157; Matter of Clark v Jordan, 212 AD3d 976, 979 [3d Dept 2023]). Petitioner's remaining arguments, to the extent that they are properly before us, have been examined and found to be lacking in merit.
Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.