■ In the Matter of JERMAIN WALKER, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [698 NYS2d 780] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of making threats and engaging in conduct involving the threat of violence in violation of certain prison disciplinary rules. The charges in question stemmed from an incident wherein petitioner, using obscenities, was overheard threatening harm to correction officers. In sustaining such charges, the Hearing Officer relied upon, *inter alia*, the detailed misbehavior report authored by the correction officer who overheard petitioner's statements. A penalty was imposed and, following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78, subsequently transferred to this Court, to challenge the underlying determination.

Petitioner's primary argument on review is that the determination before us is not supported by substantial evidence. Specifically, petitioner asserts that the underlying misbehavior report was written in retaliation for a grievance that petitioner had filed against the authoring correction officer and, hence, the testimony offered by such correction officer was unworthy of belief. We find this argument to be unpersuasive.

To be sure, the record reveals that the correction officer in question was, at the very least, mistaken when he initially testified that he was unaware of petitioner's grievance at the time that he authored the relevant misbehavior report. Nonetheless, the correction officer denied that the misbehavior report was written in retaliation for such grievance. In this regard, it is well settled that credibility determinations lie within the province of the Hearing Officer (*see generally, Matter of Flowers v Barkley*, 244 AD2d 682) and, to that end, a Hearing Officer is free to accept or reject portions of the testimony offered by a particular witness as he or she sees fit.

Here, the Hearing Officer elected to credit the correction officer's testimony that there was no retaliatory motive afoot and based the finding of guilt upon, *inter alia*, the misbehavior report authored by such officer. As the misbehavior report, standing alone, is sufficient to support the underlying determination (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966), we perceive no basis upon which to annul the determination. To

the extent that petitioner points to certain time discrepancies between the misbehavior report and the facility logbook, we need note only that the Hearing Officer was well aware of petitioner's argument on this point and determined such discrepancies to be inconsequential.

Mercure, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.