■ In the Matter of DAVID IRONS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [723 NYS2d 899] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting inmates from using controlled substances after a sample of his urine twice tested positive for the presence of cannabinoids. Inasmuch as this was petitioner's fourth drug-related offense in 14 months, a penalty of 12 months' confinement to a special housing unit, 12 months' loss of privileges and 12 months' recommended loss of good-time credits was imposed. To the extent that petitioner raises a substantial evidence issue herein, we find that the misbehavior report, together with the positive results of the urinalysis tests and the evidence adduced at the hearing, constitute substantial ev-

idence to support the determination of guilt (*see, Matter of Jackson v Portuondo*, 281 AD2d 737). Moreover, we are satisfied that the testimony of the correction officers involved in the procurement and testing of petitioner's urine specimen, together with the documentation thereon, sufficiently established the chain of custody and adequacy of testing procedures (*see, Matter of Perez v Goord*, 274 AD2d 706; *Matter of Mendez v Selsky*, 255 AD2d 858, 859).

Likewise, petitioner has failed to demonstrate that any prejudice resulted from his assistant's alleged failure to provide him with certain evidence and interview witnesses inasmuch as the relevant evidence was supplied by the Hearing Officer and the requested witnesses either testified at the hearing or were determined not to have information relevant to the charge (*see, Matter of Roman v Goord*, 272 AD2d 695; *Matter of Barnwell v Goord*, 268 AD2d 725, 726, *lv denied* 95 NY2d 751). Finally, petitioner's challenge to the penalty imposed is unpreserved due to his failure to raise it in his administrative appeal and, in any event, is without merit (*see, Matter of Brisman v Senkowski*, 278 AD2d 778).

Cardona, P. J., Mercure, Crew III, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.