■ In the Matter of Floyd Cowart, Petitioner, v Donald Selsky, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [758 NYS2d 557] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was the subject of two misbehavior reports, the first of which charged him with possession of personal information concerning three correction officers including their home addresses, telephone numbers, Social Security numbers, birth dates and the names of some of their family members. Petitioner was found guilty of the charged misconduct and now challenges the determination of his guilt on the ground that his right to call witnesses was violated by the Hearing Officer's denial of his request to call as witnesses the three officers whose personal information was found in his cell.* While petitioner apparently sought to elicit from the officers the fact that they had never met him, this information would have been irrelevant to the issue of whether petitioner possessed personal information about them. Accordingly, their testimony was properly denied as irrelevant (*see Matter of Thomas v Goord*, 293 AD2d 787, 788 [2002], *lv denied* 98 NY2d 613 [2002]). The remaining contentions raised by petitioner in regard to this determination have been reviewed and found to be without merit.

As to the second misbehavior report, it was alleged therein that petitioner had hung a sheet along the front of his cell, thereby impeding the reporting correction officer's efforts to take an inmate head count. The officer testified that when he asked petitioner to remove the sheet, he refused, uttered a racial slur against the officer and threatened to murder him.

---

* As the petition arguably raised an issue of substantial evidence, this proceeding was properly transferred to this Court. Petitioner has nonetheless failed to raise a substantial evidence issue in his brief; hence, we deem it abandoned (*see Matter of Wade v Portuondo*, 289 AD2d 663, 663 n [2001]).

Inmates in the neighboring cells overheard this exchange and began to harass the officer. Following a disciplinary hearing, petitioner was found guilty of refusing to obey a direct order, making threats, creating a disturbance and delaying the count. He now challenges that determination by arguing that he was improperly denied access to the logbook that would have shown certain inaccuracies regarding the timing of the inmate head count. As the timing of the officer's attempt to take the count was irrelevant to the issue of whether petitioner delayed it, access to the logbook was properly denied (*see Matter of Thompson v Coombe*, 240 AD2d 977, 978 [1997]; *see also Matter of Walker v Goord*, 266 AD2d 778, 779 [1999]). The remaining issues raised by petitioner in regard to this determination are without merit.

Mercure, J.P., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.