Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Superintendent of Clinton Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner was found guilty of violating the prison disciplinary rules prohibiting threats and violent conduct. As set forth in the misbehavior report, petitioner became aggravated during a medical callout and stated to the nurse that he “will remember when [he] get[s] out of here and kill five more people.” Although the nurse involved in the incident testified that the threat was not directed toward her, she nevertheless stated that she was frightened by the incident. Contrary to petitioner’s contention, the misbehavior report, testimony at the hearing and petitioner’s admission to making the statement provide substantial evidence to support the determination of guilt (see Matter of Jackson v Portuondo, 288 AD2d 733 [2001]). Notwithstanding petitioner’s assertion that the nurse was not the object of the threat, the rule violated prohibits inmates from making “any threat” (7 NYCRR 270.2 [B] [3] [i]). Furthermore, petitioner’s assertions that his statement was taken out of context and the *671 misbehavior report was issued in retaliation for threatening to file a complaint against the medical staff presented credibility issues for the Hearing Officer to resolve (see Matter of Moore v Walsh, 301 AD2d 894, 895 [2003]; Matter of Perkins v Goord, 290 AD2d 700, 701 [2002]; Matter of Dabney v Murphy, 278 AD2d 714, 715 [2000]). We have examined the remaining contentions raised by petitioner and find that they are either without merit or unpreserved for our review.
Her cure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.