934

■ In the Matter of DIALLO R.A. MADISON, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [767 NYS2d 709]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner challenges a determination finding him guilty of violating the prison disciplinary rule prohibiting the unauthorized use of a controlled substance after his urine twice tested positive for the presence of cannabinoids. Contrary to petitioner's contention, the misbehavior report, the two positive urinalysis test results and the testimony presented at the disciplinary hearing provide substantial evidence of his guilt (*see Matter of Gonzalez v Selsky*, 301 AD2d 1019, 1020 [2003]; *Matter of Irons v Goord*, 283 AD2d 705 [2001]). Petitioner's assertion that the medications he was taking at the time of the urinalysis testing resulted in false positive results was countered by testimony of a nurse at the facility's medical unit, as well as by that of a representative from the manufacturer of the urinalysis testing system who opined that the medications in question were incapable of producing false positive test results for the presence of cannabinoids (*see Matter of Woods v Selsky*, 291 AD2d 773 [2002]; *Matter of Rowe v Goord*, 289 AD2d 764 [2001]).

We reject the contention that petitioner was improperly denied the right to call certain witnesses as the testimony they had to offer would have been either redundant to that given by other witnesses or irrelevant (*see Matter of Madison v Goord*, 273 AD2d 557, 558 [2000]). The remaining contentions raised herein have been examined and found to be unpersuasive.

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.