■ In the Matter of WALTER BRANCH, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [772 NYS2d 426]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Clinton Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner became loud and disruptive while being interviewed by a correction officer concerning a grievance that he had filed.

As a result, the correction officer ordered petitioner to return to his cell. Although petitioner initially refused and called the correction officer an obscene name, he eventually complied. He was thereafter charged in a misbehavior report with creating a disturbance, using obscene language toward an employee and violating a direct order. Following a tier II disciplinary hearing, he was found guilty of all charges. After an unsuccessful administrative appeal, he commenced this CPLR article 78 proceeding.

Initially, upon reviewing the record, we find that the detailed misbehavior report, together with the testimony of the correction officer who prepared it and who was involved in the incident, provide substantial evidence supporting the determination of guilt (*see Matter of Gonzalez v Goord*, 2 AD3d 1173, 1173 [2003]; *Matter of Ragin v Goord*, 1 AD3d 842 [2003]). Petitioner's testimony that the report was written in retaliation for his having filed a grievance presented a credibility issue for the Hearing Officer to resolve (*see Matter of McFadden v Armmitage*, 1 AD3d 670, 670-671 [2003]).

Likewise, we find no merit to petitioner's contention that he was impermissibly denied the right to present all of his questions to the correction officer who prepared the misbehavior report. The record discloses that petitioner intended this witness to be questioned concerning alleged matters at issue in his underlying grievance. Such testimony was irrelevant to the charges at hand and the Hearing Officer was under no obligation to allow it (*see Matter of Alexander v Goord*, 3 AD3d 638, 638 [2004], slip op p 2; *Matter of Madison v Selsky*, 2 AD3d 934, 934 [2003]).

Petitioner's remaining assertions, including his claim of hearing officer bias, were not raised on his administrative appeal and are, therefore, not preserved for review (*see Matter of Corona v New York State Dept. of Correctional Servs.*, 2 AD3d 1118, 1118 [2003]; *Matter of Russell v Selsky*, 305 AD2d 844, 844 [2003], *lv denied* 100 NY2d 510 [2003]).

Mercure, Crew III, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.