In the Matter of FREDERICK ALSTON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [807 NYS2d 202]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During a review of inmate correspondence, a correction officer found a letter written by petitioner to his brother, who was housed in another correctional facility, in which he stated his intent to kill an informant and another person, and enlisted his brother's help. Petitioner was charged in a misbehavior report with making threats and violating facility correspondence procedures. He was found guilty of the charges following a tier III disciplinary hearing and the determination was upheld on administrative appeal, with a reduction in the penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the letter written by petitioner, as well as petitioner's admission that he authored the letter, constitute substantial evidence supporting the determination of guilt (*see Matter of Surdis v Walsh*, 295 AD2d 735, 736 [2002]; *Matter of Burgess v Goord*, 269 AD2d 722, 722-723 [2000]). Petitioner's assertion that the threats were not real and that he was only joking with his brother presented a credibility issue for the Hearing Officer to resolve (*see Matter of Wright v Goord*, 19 AD3d 855, 855 [2005], *lv denied* 5

NY3d 711 [2005]; *Matter of Moore v Goord*, 16 AD3d 800, 800 [2005]). Finally, given that petitioner was not illiterate, non-English speaking, sensorially disabled, charged with drug use or confined pending the hearing, he was not entitled to an employee assistant pursuant to 7 NYCRR 251-4.1 (a) (*see Matter of Miller v Goord*, 2 AD3d 928, 929 [2003]; *Matter of Santiago v Selsky*, 288 AD2d 732 [2001]).

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.