■ In the Matter of LAMONT GRISWOLD, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [835 NYS2d 460]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner

---

of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was scheduled for conditional release from prison after serving 16 years of a 25-year sentence imposed for his convictions of attempted murder and assault when, in a recorded telephone conversation with his sister, he became angry and, referring to a named third person, said "I'll punch his lights out." As a result, petitioner was charged in a misbehavior report with making threats and failing to comply with telephone guidelines. Following a tier III disciplinary hearing, he was found guilty as charged and received a disciplinary penalty that included the loss of 18 months of good behavior allowance. This loss had the effect of postponing his release date. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the disciplinary determination.

Petitioner initially contends that his statement was an offhand remark communicated only to his sister, rather than a serious threat of violence, and it fails to support the finding that he had made a threat because it was never communicated to the person against whom it was directed. We are not persuaded. Given that the applicable rule prohibits "any threat" made "under any circumstances" (7 NYCRR 270.2 [B] [3] [i]), it is of no consequence that the clear threat of physical violence made by petitioner was never communicated to its intended target (see e.g. Matter of Alston v Goord, 25 AD3d 852, 852 [2006]; Matter of McFadden v Armmitage, 1 AD3d 670, 670 [2003]). In addition, petitioner's claim that the threat was not real presented a credibility issue for the Hearing Officer to resolve (see Matter of Alston v Goord, supra at 852 [2006]; Matter of McFadden v Armmitage, supra at 670-671). Accordingly, we find that the misbehavior report, together with petitioner's admission that he made the statement quoted above, provide substantial evidence supporting the determination of guilt (see Matter of Alston v Goord, supra at 852; Matter of Hernandez v Goord, 18 AD3d 1042, 1042-1043 [2005]).

Finally, we have reviewed petitioner's remaining contentions, including his challenges to the tier III classification of the charges against him, the Hearing Officer's impartiality and the severity of the penalty imposed, and find them to be without merit.

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.