■ In the Matter of DANTE MARTIN, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [971 NYS2d 357]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Believing that fellow inmates had appropriated a marihuana-filled balloon that belonged to him, petitioner allegedly strip searched, threatened and assaulted those inmates and, as a result of those threats, prompted them to arrange a $100 payment outside the facility in exchange for the drugs. As a result,

petitioner was charged in a misbehavior report with various disciplinary infractions. A tier III disciplinary hearing was conducted, after which petitioner was found guilty of violent conduct, extortion, drug possession, smuggling and making threats. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. Initially, we note that while petitioner raised the issue of substantial evidence in his petition—and thus, this proceeding was properly transferred by Supreme Court—he has abandoned such argument by failing to address it in his brief (*see Matter of Huggins v Noeth*, 106 AD3d 1351, 1352 [2013]; *Matter of Maddox v Fischer*, 105 AD3d 1230, 1230 n [2013]). Turning to his procedural contentions, petitioner was not impermissibly denied relevant documentation inasmuch as the requested documents were confidential or did not exist (*see Matter of Matthews v Fischer*, 95 AD3d 1529, 1530 [2012]; *Matter of Mitchell v Bezio*, 69 AD3d 1281, 1282 [2010]). Accordingly, petitioner's contention that he received inadequate assistance, premised on his assistant's failure to obtain those documents, is also without merit (*see Matter of Mitchell v Bezio*, 69 AD3d at 1282; *Matter of Chavis v Goord*, 58 AD3d 954, 955 [2009]). Finally, we find no error in the Hearing Officer's denial of petitioner's request for a sign language interpreter, as the record demonstrates that petitioner understood the proceedings and actively and knowledgeably participated (*see e.g. Matter of Rodriguez v Murphy*, 19 AD3d 913 [2005]; *Matter of Encarnacion v Goord*, 19 AD3d 906, 906-907 [2005]).

We have examined petitioner's remaining claims and find them to be unpreserved or without merit.

Rose, J.P., Lahtinen, Stein and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.