*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   November 5, 2015                          520078
_____

In the Matter of WALTER BRANCH,
                         Petitioner,

        v

                                              MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
    et al.,
                         Respondents.
_____

Calendar Date:   September 22, 2015

Before:   Peters, P.J., McCarthy, Rose and Clark, JJ.

                        _____

        Walter Branch, Romulus, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondents.

                        _____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violent conduct and making threats.  Initially, respondents concede, and we agree, that substantial evidence does not support the charge of violent conduct.  Accordingly, we annul that part of the determination, but need not remit the matter for a redetermination of the penalty because the penalty has been completed and no loss of good time was imposed (see Matter of

Hobson v Prack, 127 AD3d 1370, 1371 [2015]).  Turning to the remaining charge, the misbehavior report, letter written by petitioner and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Alston v Goord, 25 AD3d 852, 852 [2006]).  Contrary to petitioner's contention, statements in the letter could be viewed as threatening conduct which exceeds that sanctioned under Correction Law § 138 (4) and which violated the disciplinary rule that prohibits making threats (see e.g. Matter of Cabassa v Kuhlman, 173 AD2d 973, 974 [1991], lv denied 78 NY2d 858 [1991]).  Furthermore, we find no merit in petitioner's assertion that his 1st Amendment constitutional rights were violated (see Matter of Marhone v LaValley, 107 AD3d 1186, 1187 [2013]; Matter of Koehl v Fischer, 52 AD3d 1070, 1071 [2008], appeal dismissed and lv denied 11 NY3d 809 [2008]).  Petitioner's remaining contentions are either unpreserved for our review or without merit.

Peters, P.J., McCarthy, Rose and Clark, JJ., concur.


ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of violent conduct; petition granted to that extent and respondent Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court