█ In the Matter of DeANDRE WILLIAMS, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [60 NYS3d 706]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with making threats, threatening violent conduct and harassing a physician who was treating him at the facility where he was incarcerated. The charges stemmed from a letter that petitioner wrote in which he stated that the subject physician's life was "in danger," accused the physician of "trying to incite [his] rage" and indicated that he could barely "refrain [him]self in her presence" but that he did not "need another life bid." Following a tier III disciplinary hearing, petitioner was found guilty of the charges, and a penalty of 120 days in the special housing unit and a corresponding loss of package, commissary and telephone privileges was imposed. Petitioner's administrative appeal was unsuccessful, and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, the letter authored by petitioner and the hearing testimony provide substantial evidence of petitioner's guilt (*see Matter of Branch v Annucci*, 133 AD3d 942, 943 [2015]; *Matter of McFadden v Armmitage*, 1 AD3d 670, 670 [2003]). To the extent that petitioner contends that the statements contained in the letter were taken out of context and that he never intended to threaten the physician, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Gonzalez v Annucci*, 149 AD3d 1455, 1455 [2017]; *Matter of McFadden v Armmitage*, 1 AD3d at 670-671). Petitioner's related claim—that the statements contained in the letter constituted protected speech—is equally unavailing (*see Matter of Branch v Annucci*, 133 AD3d at 943; *Matter*

*of Koehl v Fischer*, 52 AD3d 1070, 1071 [2008], *appeal dismissed* 11 NY3d 809 [2008]).

Petitioner's remaining contentions do not warrant extended discussion. The record confirms that the disciplinary hearing was commenced and completed in a timely manner and that valid extensions were obtained by the Hearing Officer (*see Matter of Patterson v Venettozzi*, 140 AD3d 1562, 1563 [2016]). Petitioner further refused to attend the final day of the hearing—despite being advised that it would proceed in his absence—and, as such, he will not be heard to argue on this point (*see Matter of Shaw v Fischer*, 126 AD3d 1533, 1533 [2015]; *Matter of Shepherd v Fischer*, 122 AD3d 987, 988 [2014]). The record additionally reveals that petitioner was provided with relevant documentation by his employee assistant or at the hearing, and the assistant cannot be faulted for failing to provide documents that did not exist (*see Matter of Martin v Fischer*, 109 AD3d 1026, 1027 [2013]). Finally, we do not find the penalty imposed to be "so shocking to one's sense of fairness as to be excessive" (*Matter of Mullins v Venettozzi*, 141 AD3d 1063, 1064 [2016]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Garry, J.P., Devine, Clark, Rumsey and Pritzker, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.