Matter of Cosme v New York State Dept. of Corr. & Community Supervision (2019 NY Slip Op 00651)





Matter of Cosme v New York State Dept. of Corr. & Community Supervision


2019 NY Slip Op 00651


Decided on January 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 31, 2019

526571

[*1]In the Matter of RAPHAEL COSME, Petitioner,
v
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent.

Calendar Date: January 4, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Raphael Cosme, Napanoch, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with making threats, creating a disturbance, engaging in violent conduct, interfering with an employee, harassment, refusing a direct order and failing to comply with frisk procedures. The charges stemmed from an incident wherein petitioner, upon exiting the facility mess hall, became embroiled in a verbal altercation with a correction sergeant, during which petitioner, among other things, became argumentative, made various threats and refused a direct order. Following a tier III hearing, petitioner was found guilty of making threats, creating a disturbance, engaging in violent conduct, harassment and refusing a direct order and not guilty of the remaining charges, and a penalty was imposed. Upon administrative appeal, the penalty was modified but the determination otherwise was affirmed. Petitioner then commenced this CPLR article 78 to challenge the determination of guilt.
We confirm. Initially, to the extent that the petition raises a substantial evidence claim, we find that the detailed misbehavior report and hearing testimony constitute substantial evidence to support the determination that petitioner was guilty of making threats, creating a disturbance, engaging in violent conduct, harassment and refusing a direct order (see Matter of Harriott v Koenigsmann, 149 AD3d 1440, 1441 [2017]; Matter of Osborne v Venettozzi, 141 AD3d 990, 991 [2016]). The contrary testimony offered by petitioner and his inmate witness, as well as petitioner's assertion that the misbehavior report was written in retaliation for various complaints or grievances that he had filed against its author, presented credibility issues for the Hearing Officer to resolve (see Matter of Genyard v Annucci, 136 AD3d 1091, 1091 [2016]; Matter of Tarbell v Lamora, 108 AD3d 899, 899 [2013]).
Turning to petitioner's procedural claims, petitioner requested two specific inmate witnesses, Sanchez and Burgos; Sanchez agreed to testify but Burgos refused. Although the record does not contain a witness refusal form for Burgos or otherwise explain his refusal to testify, petitioner waived any objection in this regard when, upon being apprised of Burgos' refusal to testify, petitioner replied, "That's alright" and did not otherwise contest the Hearing Officer's handling of this request (see Matter of Torres v Annucci, 144 AD3d 1289, 1290 [2016]; Matter of Victor v Goord, 253 AD2d 971, 971 [1998]; see also Matter of McMillian v Lempke, 149 AD3d 1492, 1494 [2017], appeal dismissed 30 NY3d 930 [2017]). We reach a similar conclusion with respect to the 35 unidentified inmate witnesses that petitioner wished to call to attest to the fact that he did not create a disturbance in the corridor outside of the mess hall. In response to the Hearing Officer's inquiry regarding the substance of such testimony, petitioner stated, "I guess we don't need to call them because they are pretty much gonna [sic] say the same thing as Sanchez," thereby effectively withdrawing his request for such witnesses (see e.g. Matter of Young v Rodriguez, 165 AD3d 1338, 1339 [2018]).
Nor are we persuaded that the Hearing Officer's refusal to recall a correction lieutenant deprived petitioner of due process, as the sought-after testimony would have been redundant with respect to petitioner's retaliation defense (see e.g. Matter of Rambert v Annucci, 153 AD3d 1492, 1493 [2017]). The documentary evidence requested by petitioner did not exist, and petitioner's employee assistant cannot be faulted for failing to produce nonexistent materials (see Matter of Williams v Annucci, 153 AD3d 1541, 1542 [2017]). Finally, the record does not reflect that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Swinton v Venettozzi, 164 AD3d 1584, 1585 [2018]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.