Matter of Boney v Venettozzi (2019 NY Slip Op 06666)





Matter of Boney v Venettozzi


2019 NY Slip Op 06666


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

528119

[*1]In the Matter of Murphy Boney, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents.

Calendar Date: August 30, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Rumsey, JJ.


Murphy Boney, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Following an investigation, it was determined that petitioner had stolen large amounts of commissary products on a weekly basis by concealing the stolen products in garbage bags and smuggling them from the commissary to the cell block. After a subsequent search of petitioner's cell uncovered products stolen from the commissary, petitioner was charged in a misbehavior report with possessing stolen property, possessing contraband, smuggling and stealing state property. Following a tier III disciplinary hearing, petitioner was found guilty as charged, and that determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and hearing testimony, including the confidential testimony and documentation considered by the Hearing Officer in camera, provide substantial evidence to support the determination of guilt (see Matter of Arriaga v Smith, 70 AD3d 1160, 1160 [2010]; Matter of Accardi v Goord, 34 AD3d 945, 946 [2006]; Matter of Bankston v Selsky, 301 AD2d 984, 985 [2003]). Petitioner's exculpatory claims, including that he did not steal commissary products and that certain receipts in his cell show that he purchased the products discovered in his cell, raised credibility issues for the Hearing Officer to resolve (see Matter of Ballard v Annucci, 156 AD3d 1013, 1015 [2017]; Matter of Silverstein v Bezio, 65 AD3d 1424, 1425 [2009]; Matter of Accardi v Goord, 34 AD3d at 946).
Contrary to petitioner's contention that he received inadequate employee assistance, the record reflects that petitioner was provided with relevant documentation by his employee assistant or at the hearing, "and the assistant cannot be faulted for failing to provide documents that did not exist" or that were irrelevant to the question of petitioner's guilt (Matter of Williams v Annucci, 153 AD3d 1541, 1542 [2017]; see Matter of Martin v Fischer, 109 AD3d 1026, 1027 [2013]). Petitioner's remaining arguments, to the extent they are preserved, have been examined and found to be unavailing.
Garry, P.J., Lynch, Mulvey, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.