Matter of Sorrentino v Annucci (2021 NY Slip Op 05152)





Matter of Sorrentino v Annucci


2021 NY Slip Op 05152


Decided on September 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 30, 2021

532886
[*1]In the Matter of Bernard Sorrentino, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:September 3, 2021

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Bernard Sorrentino, Napanoch, petitioner pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule and a determination of respondent directing that petitioner be placed in administrative segregation.
Petitioner, an incarcerated individual, asked a correction officer about whether a different correction officer was married, to which the correction officer responded to petitioner that he did not know. In response, petitioner exclaimed, "I would like to marry her . . . just so I could kill her!" As a result of petitioner's statement, he was ultimately placed in the special housing unit and charged in a misbehavior report with stalking, making threats and engaging in violent conduct. Following a tier III prison disciplinary hearing, petitioner was found guilty of the charges. Upon administrative review, the charges of stalking and engaging in violent conduct were dismissed, and the penalty imposed by the Hearing Officer was reduced. Shortly thereafter, petitioner was served with a written recommendation that he be placed in administrative segregation for staff safety until he could be transferred to another facility because he had made a threat toward a staff member. Following a hearing, a Hearing Officer found that petitioner posed a danger to the safety and security of the facility and rendered a determination granting the recommendation to place him in administrative segregation. Petitioner subsequently commenced this CPLR article 78 proceeding to challenge both the prison disciplinary and administrative segregation determinations.
We confirm. Initially, the misbehavior report and hearing testimony from the correction officer who authored that report provide substantial evidence to support the prison disciplinary determination (see Matter of Beltre v Rodriguez, 185 AD3d 1370, 1370 [2020]; Matter of Green v Kirkpatrick, 165 AD3d 1375, 1376 [2018], lv denied 32 NY3d 919 [2019]; Matter of Coneen v Selsky, 246 AD2d 946, 946 [1998]). Contrary to petitioner's contention, the fact that the threat was never made to the person against whom it was directed is of no consequence because the applicable rule prohibits "any threat" made "under any circumstances" (7 NYCRR 270.2 [B] [3] [i]; see Matter of Griswold v Goord, 39 AD3d 908, 909 [2007]; Matter of Alston v Goord, 25 AD3d 852, 852 [2006]; Matter of McFadden v Armmitage, 1 AD3d 670, 670 [2003]). Moreover, petitioner's contentions that the threat could only be construed as a joke or hyperbole and that it was made only to mimic the factual circumstances of the crime for which he was incarcerated presented credibility issues for the Hearing Officer to resolve (see Matter of Alston v Goord, 25 AD3d at 852).
Turning to petitioner's challenge to the administrative segregation determination, such a determination will be upheld if it is supported by substantial evidence [*2]that the incarcerated individual's "continued presence in [the] general population would pose an unreasonable and demonstrable risk to the safety and security of staff, incarcerated individuals, the facility or would present an unreasonable risk of escape" (7 NYCRR 301.4 [a]; see Matter of Navarro v Prack, 156 AD3d 994, 994 [2017]; Matter of Ashishi v Venettozzi, 155 AD3d 1198, 1199 [2017]; Matter of Santana v Annucci, 149 AD3d 1432, 1432 [2017]). Moreover, "'a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators'" (Hewitt v Helms, 459 US 460, 474 [1983], quoting Rhodes v Chapman, 452 US 337, 349 n 14 [1981]; see Sandin v Conner, 515 US 472, 482-483 [1995]; Matter of Smith v Goord, 250 AD2d 946, 946-947 [1998], lv denied 92 NY2d 810 [1998]).
The hearing testimony — which established that there was a separation order between petitioner and the correction officer against whom the threat was made — and the written administrative segregation recommendation, together with the testimony of the sergeant who authored it, provide substantial evidence supporting the determination that petitioner poses a threat to the safety of the general prison population and that administrative segregation is required (see 7 NYCRR 301.4 [a]; Matter of Burr v Goord, 17 AD3d 751, 752-753 [2005]; see generally Hewitt v Helms, 459 US at 468-474). We have examined petitioner's remaining claims and, to the extent that they are preserved, find that they are lacking in merit.
Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determinations are confirmed, without costs, and petition dismissed.