Matter of Morrison v DOCCS Acting Commr. Anthony J. Annucci (2022 NY Slip Op 06201)

Matter of Morrison v DOCCS Acting Commr. Anthony J. Annucci

2022 NY Slip Op 06201

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

533801
[*1]In the Matter of Duone Morrison, Appellant,
v
DOCCS Acting Commissioner Anthony J. Annucci et al., Respondents.

Calendar Date:October 7, 2022

Before:Garry, P.J., Egan Jr., Ceresia, Fisher and McShan, JJ.

Duone Morrison, Attica, appellant pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondents.

Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), entered July 14, 2021 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying his grievance.
While petitioner was incarcerated at Sullivan Correctional Facility in June 2020, petitioner's friend attempted to send him an email — together with six attached photographs — through petitioner's JPay tablet.[FN1] When the friend subsequently inquired about the email, petitioner discovered that he had not received all of the photographs.[FN2] Petitioner thereafter filed a grievance seeking an explanation as to why access to certain photographs was denied, and the grievance was forwarded to respondent Superintendent of Sullivan Correctional Facility for review. The Superintendent denied the grievance, noting that any "correspondence that is deemed inappropriate is rejected with a reason" and that petitioner's friend should have received a notice to that effect directly from JPay. Upon petitioner's appeal to the Central Office Review Committee (hereinafter CORC), that determination was upheld. In so doing, CORC noted that, in the event that any incoming email or attached content was rejected, a rejection notification would be sent to the "community member," i.e., the sender. As a result, CORC advised, any defect in the notification process should be addressed with JPay.
Petitioner then commenced this CPLR article 78 proceeding to challenge CORC's determination. Following service of respondents' answer and petitioner's reply, Supreme Court dismissed petitioner's application finding, among other things, that Department of Corrections and Community Supervision Directive No. 4425 (Inmate Tablet Program) did not require that petitioner be notified when incoming messages or attachments were rejected. This appeal ensued.
The current version of Directive No. 4425 indeed provides that incarcerated individuals such as petitioner "will be notified of the rejection of outbound secure messages when they log [into] the kiosk," whereas "[c]ivilian customers will be notified in writing whenever an inbound or outbound message between them and an [incarcerated individual] is rejected (Dept of Corr & Community Supervision Directive No. 4425 § [IV] [K] [3] [eff Oct. 15, 2020] [emphasis added]). Hence, under this version of the directive, petitioner would not be entitled to be notified of the fact that certain of the photographs sent to him were rejected. However, under the version of the directive in effect in June 2020 — when the photographs in question were rejected — the directive provided that "[s]ecure messages and associated attachments that violate policy will be rejected by
. . . authorized staff . . . and will not be delivered. Staff will enter the rationale for the rejection in the kiosk provider software. [Incarcerated individuals] will be notified of the rejection when they log [*2]into the kiosk" (Dept of Corr & Community Supervision Directive No. 4425 former § [IV] [K] [3] [eff Feb. 20, 2019] [emphasis added]).
Petitioner alleges — and respondents do not dispute — that he was not notified by facility personnel that the pictures in question had been rejected. Rather, respondents argue that, notwithstanding the notification provisions set forth in the earlier version of the directive, it consistently has been JPay's policy to only notify the sender when an incoming message is rejected and, given that "petitioner failed to offer any evidence showing that the sender . . . did not receive notification of the rejection[,] . . . the denial of petitioner's grievance was proper." The flaw in respondents' argument is two-fold. First, it is facility personnel — not JPay representatives — who screen incoming content and decide what constitutes an acceptable message or attachment. More to the point, regardless of what JPay's practices may have been, the plain language of the directive in effect at the time in question required facility staff to "enter the rationale for the rejection in the kiosk provider software," thereby enabling incarcerated individuals such as petitioner to "be notified of the rejection when they log into the kiosk" (Dept of Corr & Community Supervision Directive No. 4425 former § [K] [3] [eff Feb. 20, 2019]).
Although Directive No. 4425 subsequently was amended to provide that petitioner and other incarcerated individuals would only be notified when outbound secure messages were rejected, petitioner should have been provided with an explanation for the rejection of the photographs in question at the time that such request was made (see Matter of Bush v Fischer, 93 AD3d 982, 983 [3d Dept 2012]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition challenging the denial of petitioner's grievance insofar as it requested an explanation for the rejection of certain photographs; petition granted to that extent and matter remitted to respondents for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: A JPay tablet is a device that allows incarcerated individuals to, among other things, send and receive email and related attachments.

Footnote 2: Petitioner variously claimed that he received only two or three of the photographs at issue.