Matter of Washington v Howard (2024 NY Slip Op 02115)

Matter of Washington v Howard

2024 NY Slip Op 02115

Decided on April 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 18, 2024

CV-23-0533
[*1]In the Matter of George Washington, Petitioner,
v
David Howard, as Superintendent of Woodbourne Correctional Facility, et al., Respondents.

Calendar Date:March 22, 2024

Before:Egan Jr., J.P., Lynch, Ceresia, McShan and Mackey, JJ.

George Washington, Woodbourne, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with making threats and violating facility correspondence procedures. According to the misbehavior report, while reviewing petitioner's outgoing JPay emails,[FN1] a correction officer was alerted to an email message authored by petitioner that contained threats of violence against facility staff and referenced a then-recent incident in which several correction officers were assaulted by incarcerated individuals. Specifically, petitioner wrote that the "police here in [the correctional facility]" were "never going to learn until things happen like in [C]omstock[;] people only respect blood in their mouths to understand us." Following a tier III disciplinary hearing, petitioner was found guilty of the charges. The determination was upheld upon administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. As an initial matter, because petitioner pleaded guilty to the charge of violating facility correspondence procedures, he is precluded from challenging the evidentiary basis for that charge (see Matter of Linnen v Prack, 92 AD3d 986, 986 [3d Dept 2012], lv dismissed 20 NY3d 905 [2012]; Matter of Frazier v Prack, 62 AD3d 1185, 1185 [3d Dept 2009]). Turning to the remaining charge of making threats, the misbehavior report, petitioner's testimony admitting that he authored the at-issue email and the related documentation provide substantial evidence supporting the determination of guilt (see Matter of Lebron v Annucci, 173 AD3d 1584, 1584 [3d Dept 2019]; Matter of Washington v Annucci, 160 AD3d 1313, 1313 [3d Dept 2018]; Matter of Cole v New York State Dept. of Correctional Servs., 87 AD3d 1243, 1244 [3d Dept 2011]). Petitioner's exculpatory claims that the threat was taken out of context and/or not directed toward any specific person(s) "presented a credibility issue for the Hearing Officer to resolve" (Matter of Griswold v Goord, 39 AD3d 908, 909 [3d Dept 2007]; see Matter of Williams v Annucci, 153 AD3d 1541, 1541 [3d Dept 2017]). "Furthermore, we find no merit in petitioner's assertion that his 1st Amendment constitutional rights were violated" (Matter of Branch v Annucci, 133 AD3d 942, 943 [3d Dept 2015] [citations omitted]; see Matter of Williams v Annucci, 153 AD3d at 1541). To the extent that any of petitioner's remaining contentions are properly before us, they have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Ceresia, McShan and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: "JPay is a company that provides services to incarcerated individuals and their family and friends, including through a downloaded app for a tablet or smartphone that allows for, among other things, the sending and receiving of messages through email, 'videogram' or instant messaging" (People v Jenne, 224 AD3d 953, 955 n 1 [3d Dept 2024]; see Matter of Morrison v Annucci, 210 AD3d 1156, 1157 n 1 [3d Dept 2022]).