Matter of Davis v Annucci (2024 NY Slip Op 02120)

Matter of Davis v Annucci

2024 NY Slip Op 02120

Decided on April 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 18, 2024

CV-23-1809
[*1]In the Matter of Anthony Davis, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:March 22, 2024

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ.

Anthony Davis, Alden, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with violating the prison disciplinary rules that prohibit making threats and engaging in conduct involving the threat of violence. According to the misbehavior report, an investigation into petitioner's telephone use revealed that, in November 2022, he expressed anger toward staff at the correctional facility and stated, "I want to come back up and kill these people." Following a tier III disciplinary hearing, petitioner was found guilty of the charges. The determination was upheld upon administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. Contrary to petitioner's contention, the misbehavior report and hearing testimony, as well as the telephone recording submitted for in camera review, provide substantial evidence to support the determination finding petitioner guilty of violating the prison disciplinary rules that prohibit making threats and engaging in conduct involving the threat of violence (see Matter of Vicente v New York State Dept. of Corr. & Community Supervision, 107 AD3d 1203, 1203 [3d Dept 2013]; Matter of Griswold v Goord, 39 AD3d 908, 909 [3d Dept 2007]; Matter of Walker v Goord, 266 AD2d 778, 778 [3d Dept 1999]). "In addition, petitioner's claim that the threat was not real presented a credibility issue for the Hearing Officer to resolve" (Matter of Griswold v Goord, 39 AD3d at 909 [citations omitted]). To the extent petitioner's remaining contentions are properly before us, they have been considered and found to be without merit.
Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.