Matter of Moorer v Annucci (2024 NY Slip Op 04501)

Matter of Moorer v Annucci

2024 NY Slip Op 04501

Decided on September 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 19, 2024

CV-23-1936
[*1]In the Matter of Devonte Moorer, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:August 30, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Devonte Moorer, Coxsackie, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in two misbehavior reports with violating various prison disciplinary rules. According to the first report, petitioner got into a physical altercation with a correction officer during a random pat frisk. As a result, petitioner was charged with violent conduct, violating facility frisk procedures and refusing a direct order. After the altercation resulting in the first misbehavior report, petitioner was taken to the visit frisk room for a strip frisk, during which a five-inch plastic serrated shank-type weapon and two rolled cigarettes were discovered in petitioner's clothing. Petitioner was charged in a second misbehavior report with possessing a weapon and possessing contraband. Following a combined tier III disciplinary hearing, petitioner was found guilty of all the charges. Upon administrative review, the determination was affirmed, prompting this CPLR article 78 proceeding.
Initially, respondent concedes, and we agree, that the part of the determination finding petitioner guilty of possessing contraband is not supported by substantial evidence and must be annulled. Given that the penalty included a recommended loss of good time, the matter must be remitted for a redetermination of the penalty imposed on the remaining charges (see Matter of Loret v Venettozzi, 205 AD3d 1171, 1172 [3d Dept 2022]).[FN1]
As to the remaining charges, the misbehavior reports, related documentation and hearing testimony provide substantial evidence to support the finding of guilt (see Matter of Mills v Annucci, 225 AD3d 1050, 1051 [3d Dept 2024]; Matter of Dancy v Annucci, 219 AD3d 1031, 1032 [3d Dept 2023]). Petitioner's exculpatory testimony presented a credibility determination for the Hearing Officer to resolve (see Matter of Chan v Annucci, 219 AD3d 1624, 1625 [3d Dept 2023], lv denied 41 NY3d 902 [2024]; Matter of Almonte v Annucci, 211 AD3d 1216, 1217 [3d Dept 2022]). Petitioner's claim that the first misbehavior report was deficient due to the lack of the author's signature is unpreserved for our review as he did not raise this issue at the hearing (see Matter of Jones v Annucci, 166 AD3d 1174, 1176 [3d Dept 2018]; Matter of Green v Selsky, 275 AD2d 867, 867 [3d Dept 2000], lv denied 97 NY2d 602 [2001]). In any event, the author was identified in the report and he testified as to the incident at the hearing, and petitioner has shown no prejudice as the result of the omission (see Matter of Smith v Coughlin, 170 AD2d 845, 845 [3d Dept 1991]). Finally, contrary to petitioner's contention, the chain of custody of the weapon was established by the hearing testimony and related documentation (see Matter of Smith v Annucci, 207 AD3d 979, 980 [3d Dept 2022]; Matter of Bernard v Annucci, 148 AD3d 1448, 1449 [3d [*2]Dept 2017]). Petitioner's remaining arguments, to the extent not specifically addressed, have been considered and found to be without merit.
Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing contraband and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to that charge from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.

Footnotes

Footnote 1: We note that petitioner's challenge to the severity of the penalty imposed is unpreserved for our review due to his failure to raise it at the hearing or in his administrative appeal (see Matter of Irons v Goord, 283 AD2d 705, 706 [3d Dept 2001]). In any event, it is academic in light of our decision.