Matter of Kates v Martuscello (2026 NY Slip Op 00737)

Matter of Kates v Martuscello

2026 NY Slip Op 00737

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, NOWAK, DELCONTE, AND HANNAH, JJ.

965 TP 25-00703

[*1]IN THE MATTER OF ALEXANDER KATES, PETITIONER,
vDANIEL F. MARTUSCELLO, III, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 

NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Donald O'Geen, A.J.], entered April 23, 2025) to review a determination of respondent. The determination found after a tier II hearing that petitioner had violated various incarcerated individual rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier II disciplinary hearing, that he violated incarcerated individual rules 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusing direct order]) and 109.12 (7 NYCRR 270.2 [B] [10] [iii] [movement regulation violation]).
We reject petitioner's contentions that the Hearing Officer improperly denied his request to call certain witnesses to testify at the hearing. " 'Although an [incarcerated individual] has a 'conditional right' to call witnesses . . . , an [incarcerated individual] is not entitled to call witnesses whose testimony is immaterial or redundant' " (Matter of Burroughs v Corey, 235 AD3d 1251, 1252 [4th Dept 2025]; see Matter of Ballard v Kickbush, 165 AD3d 1587, 1589 [4th Dept 2018], appeal dismissed 32 NY3d 1182 [2019]). Here, the proposed testimony of the various witnesses was irrelevant (see Matter of Jackson v Annucci, 122 AD3d 1288, 1288-1289 [4th Dept 2014]).
Contrary to petitioner's further contention, the misbehavior report, together with petitioner's statement that his actions were accurately described in the misbehavior report, constitutes substantial evidence supporting the determination that he violated incarcerated individual rules 106.10 and 109.12 (see Matter of Griswold v Goord, 39 AD3d 908, 909 [3d Dept 2007]; Matter of Melvin v Smith, 143 AD2d 525, 525 [4th Dept 1988]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court